IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 96-11027

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRIS PAUL WILLIAMS,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CR-211-D)

———————————————————————————

June 10, 1997

Before WIENER and PARKER, Circuit Judges, and LITTLE, District Judge.[*]

PER CURIAM:[**]

In this direct criminal appeal, Defendant-Appellant Chris Paul Williams asks us to reverse his convictions following guilty verdicts by a jury on charges of money laundering and conspiracy to conduct a financial transaction with the proceeds of a specified unlawful activity. Williams also contests his sentence of seventy-

———————————————

[*]District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

eight months incarceration plus a mandatory assessment of $100.00, a fine of $5,000.00, and three years supervised release. The gravamen of his complaints regarding his convictions comprises assertions that the evidence was insufficient to prove that the alleged financial transaction was conducted with drug proceeds or that it affected interstate commerce; that the conduct alleged in the indictment is not the type behavior contemplated by Congress in enacting the money laundering statute, 18 USC § 1956; and that the district court abused its discretion in admitting evidence of (1) Williams' prior conviction for possession with intent to deliver cocaine, and (2) his cash purchase of a Lexus automobile. Regarding his sentence, Williams complains that the district court erred in imposing a two-level enhancement for obstruction of justice based on its findings that Williams committed perjury at a post-trial detention hearing, and in sentencing him at the top of the Guidelines range.

We have carefully reviewed the record on appeal and duly considered the facts and the law as presented to us by able counsel, both in their briefs and their oral arguments before this panel. Our review convinces us that Williams received a fair trial, free of reversible error in all respects (including the evidentiary ruling of the court) and that the evidence is more than sufficient to sustain his convictions. We are equally convinced that the court committed no reversible error in assessing and imposing Williams' sentence, and that his sentence is lawful in all

2

respects.  Consequently, Williams' convictions and sentence are AFFIRMED.